UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV00503 ERW |
| ) | |
| J.J.B. HILLARD, W.L. LYONS, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant J.J.B. Hilliard, W.L. Lyons, LLC's Motion for Judgment on the Pleadings [ECF No. 38].

### I. BACKGROUND

Plaintiff Linda Robinson ("Robinson") filed a Petition to Declare Rights, Conversion, and Unjust Enrichment in the Circuit Court of St. Charles County, Missouri on January 21, 2015 [ECF No. 4]. On March 20, 2015, Defendant J.J.B. Hilliard, W.L. Lyons, LLC ("Hilliard Lyons") removed the case to the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332 and 1441 [ECF No. 1]. Hilliard Lyons filed an Answer and Counterclaim against Plaintiff on March 27, 2015 [ECF No. 9]. Robinson filed an Answer to Hilliard Lyons's Counterclaim on May 11, 2015 [ECF No. 14]. On May 21, 2015, Hilliard Lyons filed an Amended Counterclaim against Robinson for a declaration of rights and interpleader, including Carol Donley ("Donley") as a counter-defendant [ECF No. 18]. On July 20, 2015, Robinson filed an Answer to Hilliard Lyons's Counterclaim [ECF No. 30]. On August 10, 2015, Donley answered Hilliard Lyons's Counterclaim and asserted a Cross-Claim against Robinson for removal of Robinson as co-

1

trustee and undue influence [ECF No. 31]. On September 6, 2015, Robinson answered Donley's Cross-Claim and asserted a Counterclaim against Donley for failure to distribute trust assets [ECF No. 34]. On October 13, 2015, Hilliard Lyons filed this Motion for Judgment on the Pleadings requesting the Court enter judgment in its favor on all claims asserted by Robinson against Hilliard Lyons and on Count I of Hilliard Lyons's Amended Counterclaim [ECF No. 38]. Robinson's complaint asserts three counts against Hilliard Lyons: (1) Declaration that Linda Robinson does not have to indemnify Hilliard Lyons to receive the account that Marjorie Robinson transferred on death to Linda Robinson; (2) In the alternative, Conversion against Hilliard Lyons; and (3) In the alternative, Unjust Enrichment against Hilliard Lyons [ECF No. 4]. Hilliard Lyons counterclaim asserts one count against Robinson stating "Hilliard Lyons is entitled to a declaration of rights declaring that Robinson is obligated to indemnify Hilliard Lyons pursuant to the terms of the TOD agreement." [ECF No. 18].

The Court adopts the following statement of facts as well-pleaded allegations in Robinson's Complaint [ECF No. 4]. *Ginsburg v. Inbev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Marjorie Robinson was the sole owner of a brokerage account at Hilliard Lyons. When the account was established, Marjorie Robinson designated Linda Robinson as her primary beneficiary of the account through a non-probate transfer on death agreement. Marjorie Robinson passed away on July 29, 2014. Hilliard Lyons has not transferred the account to Linda Robinson because Robinson has refused to sign the beneficiary claim form in which Robinson would agree to indemnify Hilliard Lyons. As a result, Robinson filed the instant action.

II. STANDARD

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Ginsburg,* 623 F.3d at 1233, n. 3; *Clemons v. Crawford,* 585 F .3d 1119, 1124 (8th Cir. 2009); *Ashley County v. Pfizer,* 552 F.3d 659, 665 (8th Cir. 2009). The Court must view the allegations in the Complaint liberally and in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs,,* 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005). A complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)). To prove the grounds for entitlement of relief, a plaintiff must provide more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.,* 550 U.S. at 555; *Huang v. Gateway Hotel Holdings,* 520 F.Supp.2d 1137, 1140 (E.D.Mo. 2007).

"[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999). Additionally, the Court may consider materials that are "necessarily embraced by the pleadings." *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F. Supp. 1148, 1152 (D.Minn. 1997); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. DISCUSSION

Hilliard Lyons filed its Motion for Judgment on the Pleadings requesting the Court grant judgment for Hilliard Lyons, against Robinson, on all of Robinson's claims asserted against

Hilliard Lyons, and on Count I of Hilliard Lyons's amended counterclaim which asks the Court for a declaration of rights declaring Robinson is obligated to indemnify Hilliard Lyons pursuant to the terms of the Transfer on Death ("TOD") agreement.

According to Hilliard Lyons, the TOD agreement provides that the account owner, Marjorie Robinson, and any successor-in-interest, agree to indemnify Hilliard Lyons for expenses related to certain actions, including disputes, about the distribution of assets from the account. The account agreement also provides the beneficiary will complete a claim form before the assets will be distributed to the beneficiary. Hilliard Lyons asserts Robinson, as the sole beneficiary of the account, is the successor-in-interest and is bound by the terms of the TOD agreement. Robinson argues, although she is the beneficiary of the account, she is not the successor-in-interest and even if she was, the agreement is not binding on her because she did not sign the agreement. Additionally, Robinson asserts the issue is not ripe for adjudication because Hilliard Lyons has not been found liable on a claim for damages for which it needs indemnification.

The TOD Agreement[1] contains the following language:

> In making distributions to Beneficiaries, Hilliard Lyons shall be entitled to receive and rely upon information provided in a notarized Claim Form (provided by Hilliard Lyons), to execute any transfer in accordance with this Agreement requested by any Beneficiary or personal representative . . . Hilliard Lyons reserves the right, in Hilliard Lyons' sole discretion, to require additional documentation or to institute legal proceedings in order to determine the proper distribution of Account assets, at the expense of the Account. [ECF No. 39-1, ¶ 5].

> Each owner, each Owner's estate or each Owner's successors-in-interest will indemnify and hold harmless Hilliard Lyons, its affiliates, and their directors,

---

[1] The Court references the TOD Agreement attached to Hilliard Lyons Motion [ECF No. 39-1] rather than the agreement attached to Robinson's Complaint because this agreement contains Marjorie Robinson's signature.

officers, employees, and agents from and against all claims, actions, costs and liabilities, including attorneys' fees, arising out of or relating to . . .

[ECF No. 39-1, pg. 4, ¶16]. The Court must determine whether Robinson is the successor-in-interest to the account, whether Robinson can be bound by terms of the agreement, and whether the issue is ripe for adjudication.

    A.    *Successor-in-Interest*

The Kentucky Uniform TOD Security Registration Act, which governs transfer on death accounts, does not define a successor-in-interest.[2] Kentucky Appellate Courts have defined a successor-in-interest as "one who follows another in ownership or control of property. . . [A] party must continue to retain the same rights as the original owner without a change in ownership and there must be a change in form only and not in substance." *Dynabody Fitness Ctr., Inc. v. Skynexx, LLC*, No. 2003-CA-001574-MR, 2004 WL 2367231 at *2 (Ky. Ct. App. Oct. 22, 2004) (citing Black's Law Dictionary 1431-32 (6th ed.1990); *City of New York v. Turnpike Dev. Corp.*, 233 N.Y.S.2d 887, 890 (N.Y. Sup. Ct. 1962)) (quotations omitted). Robinson, as the beneficiary of the TOD account, will retain the same rights as the original owner, Marjorie, without a change in the ownership, as the nature of the account will not change. Robinson is a successor-in-interest for the account and the rights of Marjorie Robinson.

    B.    *Bound by the Contract*

Robinson is bound by the terms of the TOD agreement, including the indemnification provision. Generally, a nonsignatory to a contract is not bound by the provisions of the contract. *Ping v. Beverly Enter., Inc.*, 376 S.W.3d 581, 595 (Ky. 2012). However, Robinson is a

---

[2] Because this is a diversity action, the Court applies the substantive law of the state whose law controls the dispute. *AMCO Ins. Co. v. Inspired Tech., Inc.*, 648 F.3d 875, 880 (8th Cir. 2011). The TOD agreement includes a choice of law provision stating the "effect of this Agreement shall be governed by the Commonwealth of Kentucky and, specifically, the TOD Securities Registration Act of Kentucky." ECF No. 39-1, pg. 9, ¶11.

successor-in-interest to the contract and is seeking to gain the benefit of the contract, without enforcing the entirety of the contract. In *Ping*, the Supreme Court of Kentucky, when discussing whether an arbitration clause of a contract would be enforceable against a nonsignatory, stated, ". . . a third party whose substantive benefit a contract is made may not enforce his or her rights under the contract without also abiding by the contract's other terms." *Id.* at 600. Robinson is a third party beneficiary to the contract because the TOD agreement was intended to benefit her upon Marjorie Robinson's death. *Id.* at 595-96 (finding a contract is not enforceable against third parties not a party to the contract unless the contracting parties intended the agreement benefit some person.). Thus, if Robinson wishes to enforce the other rights under the contract, namely her receiving the account, then Robinson must also abide by the agreement which includes completing a claim form prior to distribution of assets and indemnifying Hilliard Lyons per the terms of the indemnification provision.

C. *Ripeness*

Robinson asserts the issue of whether she is bound by the indemnification provision is not ripe for adjudication because Hilliard Lyons has not been found liable for damages for which indemnification is needed.

"The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *Pub. Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005) (citing *Bender v. Educ. Credit Mgmt. Corp.*, 368 F.3d 846, 847-48 (8th Cir. 2004)). Courts are prohibited from issuing advisory opinions based on hypothetical facts, but declaratory actions can be sustained if an in injury is impending. *Id.* "Whether the factual basis of a declaratory judgment is hypothetical – or more aptly, too hypothetical – for purposes of the ripeness doctrine

(and concomitantly Article III) is a question of degree." *Id*. As long as the dispute is "real and immediate, rather than abstract," the ripeness doctrine is satisfied. *Hartford Acc. & Indem. Co. v. Doe Run Resources Corp.*, 663 F.Supp.2d 771, 776 (E.D. Mo. 2009) (citing *Aetna Casualty and Surety Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992)).

In Count I of Robinson's complaint, she asks the Court to issue a declaration she does not have to indemnify Hilliard Lyons to receive the TOD account. This request puts at issue whether she is bound by the terms of the contract and the indemnification provision making the dispute "real and immediate, rather than abstract." The issue of whether she must indemnify Hilliard Lyons is inextricably bound with the other issues of the case needing adjudication. Additionally, whether a party must indemnify another is often justiciable even though a party has not yet been found liable. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 243 (1937) (declaratory judgment action seeking resolution of an insured's coverage was justiciable); *see also Aetna*, 968 F.2d at 709 (action seeking declaratory judgment that it had no duty to defend or indemnify was justiciable even though facts in underlying dispute were unresolved). Thus, the Court finds the issue is ripe for adjudication.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant J.J.B. Hilliard, W.L. Lyons, LLC's Motion for Judgment on the Pleadings [ECF No. 38] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered for Hilliard Lyons, against Plaintiff Linda Robinson, on Counts I, II and III of Plaintiff's Complaint [ECF No. 4] and Count I of Defendant Hilliard Lyons's amended counterclaim [ECF No. 18].

So Ordered this 1st day of December, 2015.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**