UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ROBINSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00503 ERW |
| | ) |
| J.J.B. HILLARD, W.L. LYONS, LLC | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Counter-Defendant Carol Donley's Motion to Dismiss Count II of Plaintiff Linda Robinson's Counterclaim [ECF No. 35].

**I.   BACKGROUND**

Plaintiff Linda Robinson ("Robinson") filed a Petition to Declare Rights, Conversion, and Unjust Enrichment in the Circuit Court of St. Charles County, Missouri on January 21, 2015 [ECF No. 4]. On March 20, 2015, Defendant J.J.B. Hilliard, W.L. Lyons, LLC ("Hilliard Lyons") removed the case to the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332 and 1441 [ECF No. 1]. Hilliard Lyons filed an Answer and Counterclaim against Plaintiff on March 27, 2015 [ECF No. 9]. Robinson filed an Answer to Hilliard Lyons's Counterclaim on May 11, 2015 [ECF No. 14]. On May 21, 2015, Hilliard Lyons filed an Amended Counterclaim against Robinson for a declaration of rights and interpleader, including Carol Donley ("Donley") as a counter-defendant [ECF No. 18]. On July 20, 2015, Robinson filed an Answer to Hilliard Lyons's Counterclaim [ECF No. 30]. On August 10, 2015, Donley answered Hilliard Lyons's Counterclaim and asserted a Cross-Claim against Robinson for removal of Robinson as co-

1

trustee and undue influence [ECF No. 31]. On September 6, 2015, Robinson answered Donley's Cross-Claim and asserted a Counterclaim against Donley [ECF No. 34]. On September 30, 2015, Donley filed this Motion to Dismiss Count II of Robinson's Counterclaim [ECF No. 35]. In her counterclaim against Donley, Robinson asserted two counts; the count at issue in the instant motion is Count II for tortious interference of an expected inheritance by Carol Donley [ECF No. 34].

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Robinson's counterclaim. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Marjorie and Owen Robinson created two trusts on October 1, 1998 – the Marjorie Robinson Trust and the Owen Robinson Trust ("Trusts") [ECF No. 34]. Robinson and Donley became co-trustees of the Trusts after the death of their parents. The Trusts both have accounts at Hilliard Lyons in excess of $1,200,000 and $100,000, respectively. Marjorie Robinson also created a separate Transfer on Death ("TOD") account at Hilliard Lyons which designated Robinson as the sole beneficiary of the account. Robinson would like to set a reserve[1] of $200,000 for the accounts the Trusts hold at Hilliard Lyons and immediately distribute the remaining amounts to the beneficiaries. Donley agrees with maintaining a $200,000 reserve but refuses to distribute the Hilliard Lyons trust accounts until Robinson agrees to split the separate TOD account with Donley. The TOD account has designated Robinson only as the beneficiary. Robinson requests the Court find Donley interfered with Robinson's expectancy in the TOD account and award money damages in excess of $75,000.

---

[1] The Court understands reserve to mean an amount set aside to meet any unexpected costs that may arise in the future.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

In her Motion to Dismiss, Donley asserts Robinson cannot fulfill the elements of tortious interference with an expected inheritance because it requires the tortious conduct be directed at the testator/settlor, which Robinson has failed to allege, and cannot allege. In response, Robinson asserts Missouri courts have not concluded the tortious conduct must be directed at the testator. Nevertheless Robinson argues she has sufficiently alleged a claim for breach of

3

fiduciary duty, even though it is not captioned as such. She asks the Court to construe her claim for tortious interference with an expected inheritance instead as a claim for breach of fiduciary duty. Donley claims such a construal by the Court would create a claim which Robinson cannot assert because Donley did not owe a fiduciary duty in regards to the TOD account.

      A.      *Tortious Interference with an Expected Inheritance*

The Restatement of Torts Second defines intentional interference with an inheritance as "one who by fraud, duress, or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received." Restatement (Second) of Torts § 774B. Missouri courts have recognized this tort. *See Hammons v. Eisert*, 745 S.W.2d 253, 257 (Mo. Ct. App. 1988); *Brandin v. Brandin*, 918 S.W.2d 835 (Mo. Ct. App. 1996); *Commerce Bank, N.A. v. Blasdel*, 141 S.W.3d 434, 452-53 (Mo. Ct. App. 2004). Although the Restatement does not explicitly limit the cause of action to tortious conduct directed at the testator/settlor, a review of Missouri case law reveals Missouri courts have not applied the tort in instances where the tortious conduct was directed at a third party and not the testator/settlor. *See Hammons*, 745 S.W.2d at 258 (recognizing the tort when undue influence was used against a settlor); *Brandin*, 918 S.W.2d at 837; *McMullin v. Borgers*, 761 S.W.2d 718 (Mo. Ct. App. 1988). The Court will not apply the tort in broader circumstances except as it has been applied by the Missouri State Courts. Robinson did not include any allegations in her complaint which indicate Donley's actions were directed toward Marjorie Robinson. Further, Robinson is unable to establish such a claim because Donley's actions regarding the TOD account occurred after the death of Marjorie Robinson. Therefore, Robinson has failed to plead, and is unable to plead a claim for tortious interference with an expected inheritance.

      B.      *Breach of Fiduciary Duty*

Robinson asserts, even if she is unable to establish a claim for tortious interference with an expected inheritance, her claim should be construed as a breach of fiduciary duty. The Court's understanding of Robinson's argument is Donley breached her fiduciary duty to Robinson by preventing the Hilliard Lyons TOD account from being distributed to Robinson.

In Missouri, to plead a claim for breach of fiduciary duty, a plaintiff must include allegations establishing the existence of a fiduciary relationship between the parties, a breach of that fiduciary duty, causation and harm. *Robert T. McLean Irrevocable Trust v. Patrick Davis, P.C.*, 283 S.W.3d 786, 792-93 (Mo. Ct. App. 2009) (citing *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000)). Robinson alleges in her Counterclaim that Donley owed a fiduciary duty to Robinson as co-trustee of the Trusts. She does not allege Donley owed a fiduciary duty to Robinson in regards to the TOD account. While it is true Donley owes Robinson a fiduciary duty as a co-trustee, Donley only owes this duty to Robinson for matters concerning the administration of the Trusts. Robinson alleges in her Counterclaim the TOD account is not an asset of the Trusts. Therefore, Robinson cannot establish Donley breached a fiduciary duty in regards to the TOD account because Donley never owed Robinson a fiduciary duty in regards to that account. The Court will not construe Robinson's tortious interference with an expected inheritance claim as a breach of fiduciary duty claim because Robinson has not established such a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Counter-Defendant Carol Donley's Motion to Dismiss Count II of Plaintiff Linda Robinson's Counterclaim [ECF No. 35] is **GRANTED**.

**IT IS FURTHER ORDERED** that Count II of Linda Robinson's Counterclaim [ECF No. 34] be **DISMISSED**, without prejudice.

So Ordered this 9th day of December, 2015.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**