UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00503 ERW |
| | ) |
| J.J.B. HILLIARD, W.L. LYONS, LLC. et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Carol Donley's Motion to Enforce Settlement Agreement [ECF No. 63].

**I.    BACKGROUND**

On January 21, 2016, Linda Robinson ("Robinson") filed a petition in the Circuit Court of St. Charles County, Missouri against J.J.B. Hilliard, W.L. Lyons, LLC ("Hilliard Lyons"), seeking a declaratory judgment finding Robinson does not have to indemnify Hilliard Lyons to receive the brokerage account transferred to Robinson on the death of her mother, Marjorie Robinson. Robinson also asserted, in the alternative, two counts against Hilliard Lyons for conversion and unjust enrichment. On March 20, 2015, Hilliard Lyons removed the matter to this Court. In its answer, Hilliard Lyons asserted a counterclaim against Robinson seeking a declaration stating Robinson is required to indemnify Hilliard Lyons before distribution of the account. On May 21, 2015, Hilliard Lyons amended its counterclaim to include Carol Donley ("Donley") as a counter-defendant and to assert an interpleader count for the funds in the brokerage account. In her answer, Donley asserted a cross-claim against Robinson seeking

1

removal of Robinson as a co-trustee of two trusts created by Robinson and Donley's parents, who are both deceased. Donley also asserted a count for undue influence against Robinson. In her answer to Donley's cross-claim, Robinson asserted a counter-claim against Donley to compel Donley to distribute the Hilliard Lyons accounts and a count for tortious interference of an expected inheritance.

Count II of Robinson's counterclaim against Donley, for tortious interference, was dismissed. The Court also granted Hilliard Lyons' motion for judgment on the pleadings, entering judgment for Hilliard Lyons and against Robinson on Counts I (Declaratory Judgment), II (conversion), and III (unjust enrichment) of her petition and Count I of Hilliard Lyons' amended counterclaim. In January 2016, Robinson and Donley attended mediation and came to a preliminary agreement to settle this matter. After mediation, the parties were unable to reach a formalized, final settlement agreement. The question before the Court is whether the preliminary agreement is a binding, enforceable settlement agreement.

## II. DISCUSSION

Donley argues the Court must enforce the settlement agreement, because it is binding and valid. Additionally, Donley asks the Court to award her attorneys' fees incurred in enforcing the settlement agreement. Robinson contends the Court lacks jurisdiction over any purported settlement agreement. If the Court determines it has jurisdiction, Robinson states she is entitled to an evidentiary hearing to determine if the settlement agreement is valid and enforceable.

*A.    Jurisdiction*

In her argument the Court lacks jurisdiction to enforce the settlement agreement, Robinson relies on several cases which cite to *Kokkonen v. Guardian Life Insurance Company of America.*, 511 U.S. 375 (1994). In *Kokkonen*, the United States Supreme Court held enforcement

of a settlement agreement is for state courts, unless there is an independent basis for federal jurisdiction. *Id*. at 382. This holding is inapplicable because the procedural posture of the case, which is the crux of the holding, is different than in this matter. In *Kokkonen*, the parties arrived at a settlement agreement and moved for dismissal of the federal suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *Id*. at 377. The district court dismissed the suit, with prejudice, and did not reserve jurisdiction to enforce the settlement agreement, nor did the court refer to the settlement agreement in the dismissal. *Id*. Justice Scalia stated "enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. at 378. Thus, the reason the District Court did not have jurisdiction over the enforcement of the settlement agreement is because the federal suit had been dismissed. Here, the suit has not been dismissed. The Court retains jurisdiction over resolution of this matter for the same reasons it had jurisdiction over the suit when it was removed.

Additionally, if the Court were to decide it lacked jurisdiction over the settlement agreement but maintained jurisdiction over the rest of the matter, it would create peculiar results. A state court could find the settlement agreement is enforceable while this suit proceeded to judgment. The two judgments, resolving the same matter, would be in conflict with one another. One of the purposes of ancillary jurisdiction is to enable a court to function successfully and manage its proceedings. *Myers v. Richland Cty.*, 429 F.3d 740, 745 (8th Cir. 2005). This Court maintains jurisdiction over the motion to enforce the settlement agreement.

    B.    *Evidentiary Hearing*

Robinson requests an evidentiary hearing to determine whether the parties reached an enforceable agreement. "As a general rule, when the parties dispute the existence or terms of a

settlement agreement, the parties must be allowed an evidentiary hearing." *Sheng v. Starkey Laboratories, Inc.*, 53 F.3d 192, 195 (8th Cir. 1995). If the facts are not in dispute, the issue may be decided by the Court. *Luigino's Inc. v. Societes Des Produits Nestle S.A.*, No. Civ. 03-4186ADM/RLE, 2005 WL 735919 at * 2 (D. Minn. Mar. 30, 2005). To determine if the parties intended to be bound by the agreement, the Court must look at the course of negotiations, agreement on material terms, how the settlement was described, and if any disagreements were mere technicalities. *Caleshu v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 737 F. Supp. 1070, 1086 (E.D. Mo. 1990). The Court does not have enough facts to determine if the settlement agreement is enforceable. The few facts provided to the Court by the parties are in dispute. Therefore, the best course of action is to set the matter for an evidentiary hearing to determine if the settlement agreement is enforceable.

Accordingly,

**IT IS HEREBY ORDERED** an evidentiary hearing will be held on February 22, 2017, at 9:00 a.m. in Courtroom 17 South.

So Ordered this 3rd day of February, 2017.

*/s/ E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**