UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA ROBINSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:15CV00503 ERW |
| | ) | |
| J.J.B. HILLIARD, W.L. LYONS, LLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Linda Robinson's Motion Regarding Jurisdiction [104].

## I. BACKGROUND

On January 21, 2015, Linda Robinson ("Robinson") filed a "Petition to Declare Rights, Conversion, and Unjust Enrichment" against J.J.B. Hilliard, W.L. Lyons, LLC ("Hilliard Lyons"), requesting the Circuit Court of St. Charles, Missouri, declare Robinson did not have to indemnify Hilliard Lyons to receive a transfer on death account from Marjorie Robinson, Robinson's mother [ECF No. 4]. In the alternative, Robinson also asserted claims of conversion and unjust enrichment against Hilliard Lyons [ECF No. 4]. On March 20, 2015, Hilliard Lyons removed the matter to this Court pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, because Robinson is a citizen of Missouri and Hilliard Lyons is considered a citizen of Kentucky, Indiana, Ohio, Michigan, Florida, Tennessee, Illinois, Arkansas, North Carolina, South Carolina, West Virginia, and Pennsylvania.

In its answer to Robinson's Petition, Hilliard Lyons asserted a counterclaim against

Robinson requesting a declaration Robinson is obligated to indemnify Hilliard Lyons pursuant to the terms of the transfer on death agreement before any distribution of the account [ECF No. 9]. On May 21, 2015, Hilliard Lyons amended its counterclaim to include an interpleader action pursuant to 28 U.S.C. § 1335, including Carol Donley ("Donley") as a counter-defendant, because she asserted a right to the funds in the account [ECF No. 18]. On August 10, 2015, Donley answered Hilliard Lyons' counterclaim and asserted a crossclaim against Robinson to remove Robinson as trustee of the Marjorie Robinson Trust and the Owen Robinson Trust ("the Trusts") and for undue influence [ECF No. 31]. In her answer to Hilliard Lyons' counterclaim and Donley's crossclaim, Robinson asserted a counterclaim against Donley to compel Donley to distribute the Hilliard Lyons trust accounts and for tortious interference of an expected inheritance by Donley [ECF No. 34].

On December 1, 2015, the Court entered judgment for Hilliard Lyons, against Robinson, on Counts I, II, and III of her Petition and Count I of Hilliard Lyon's amended counterclaim finding Robinson was obligated to indemnify Hilliard Lyons pursuant to the terms of the transfer on death agreement before Hilliard Lyons dispersed the funds in the account. On December 9, 2015, the Court dismissed Count II of Robinson's counterclaim against Donley for tortious interference of an expected inheritance by Donley. On May 9, 2017, the Court entered a consent order which distributed the interpleaded funds and dismissed Hilliard Lyons from the matter as well as Count II of Donley's crossclaim against Robinson for undue influence. The only remaining matter before the Court is Count I of Donley's crossclaim against Robinson to remove Robinson as trustee of the Trusts. In her pending motion, Robinson challenges the Court's subject matter jurisdiction over the remaining crossclaim asserting the Court lacks jurisdiction over the crossclaim because the interpleaded funds have been disbursed.

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Donley's crossclaim. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Donley is a resident of the state of Kansas and Robinson is a resident of the state of Missouri. Both Robinson and Donley are co-trustees of the Trusts.

Owen and Marjorie Robinson, parents of Robinson and Donley, created Lin-Car Farm, Inc., a company to own real estate operated as a farm. Lin-Car Farm consisted of approximately 499 acres of land in Lincoln County, Missouri. Donley was secretary of Lin-Car Farm and Robinson was treasurer. In April 2006, Robinson was elected to replace Donley as secretary of Lin-Car Farm. When Owen Robinson died on May 30, 1999, Marjorie Robinson ("Marjorie") became the sole trustee of the Owen Robinson Trust.

On April 28, 2006, Marjorie sold approximately eight acres of real estate to Robinson and her husband that was held by Lin-Car Farm. In September 2007, the principal place of business for Lin-Car Farm was changed to Linda's address. In 2007, Robinson convinced Marjorie to give Robinson and her husband approximately $324,000.00. In 2008, Marjorie moved in with Robinson. In January 2009, Marjorie opened an account at Hilliard Lyons, the transfer on death account at issue in this matter. The account was payable only to Robinson or her husband at Marjorie's death, unlike the Trusts and Wills, which were to be divided equally between Donley and Robinson.

Marjorie died on July 29, 2014. At her death, Marjorie's trust held a home located in Troy, Missouri, and an account at Hilliard Lyons with approximately $1,272,000.000 in assets. The Owen Robinson Trust held an account at Hilliard Lyons with approximately $113,744.00 in assets and stock in Lin-Car Farm. Both trusts provide the assets be divided equally between Robinson and Donley. Marjorie also held an account at People's Bank and Trust, a Hilliard

Lyon's IRA payable to Robinson and Donley equally, and the Hilliard Lyons transfer on death account payable only to Robinson.

Since Marjorie's death, Donley requested an accountant be hired to prepare tax returns for the Trusts, Marjorie's estate and Lin-Car Farm, Inc. and requested information used to prepare the tax returns, both of which Robinson rejected. Robinson represented the Trusts' tax returns were filed, but refused to provide Donley with proof of their filing. Robinson also refused to sign necessary documents with Hilliard Lyons to unfreeze the accounts held by them to distribute the assets in those accounts. Originally, Robinson agreed to sell the house held by the Marjorie Trust. After Donley agreed to Robinson handling the sale of the house, Robinson refused the responsibility and stated she wanted to hire a real estate agent to sell the house. However, she never identified or hired a real estate agent. Then, Robinson demanded the house be auctioned. Donley agreed, but Robinson refuses to provide Donley with a proposed auctioneer's contract. Robinson also refused to provide Donley a copy of the insurance policy for the house or confirmation the premium on the policy is up to date. Donley indicated to Robinson she wishes to hire a manager to operate the Lin-Car farm but Robinson has not done so.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The party invoking the jurisdiction of the federal court has the burden of establishing the court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

For an action to be dismissed under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *See Osborn*, 918 F.2d at 729. The identification of whether a challenge is facial or factual is a necessary step, and this identification establishes how a court should proceed when resolving a motion to dismiss under 12(b)(1). When subject matter jurisdiction is challenged based on the factual truthfulness of the assertions, a court is permitted to consider "matters outside the pleadings," such as testimony and affidavits. *Id.* at 729, n.2 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Although matters outside the pleadings can be considered, the motion to dismiss is not converted into one for summary judgment. *Id.* at 729. When a court's subject matter jurisdiction is challenged in a facial attack, however, the Court "restricts itself to the face of the pleadings." *Id.* Under a facial challenge to jurisdiction, all of the factual allegations in the plaintiff's complaint are presumed to be true, while under a factual challenge, no presumptive truthfulness attaches to the complaint's allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

### III. DISCUSSION

In her motion, Robinson asserts both a facial and factual challenge to the Court's subject matter jurisdiction over Donley's crossclaim to remove Robinson as trustee. First, Robinson makes a facial challenge by claiming the Court's jurisdiction over this matter is limited to the interpleader claims under 28 U.S.C. § 1335. Second, Robinson, in her reply, makes a factual challenge by arguing there is no diversity jurisdiction because the amount in controversy does not exceed $75,000. Donley asserts the Court has diversity jurisdiction over the crossclaim because the amount in controversy is more than $75,000 and Donley and Robinson are from Kansas and Missouri, respectively.

A district court has original jurisdiction of any interpleader action pursuant to 28 U.S.C. § 1335. The scope of litigation in an interpleader action is normally limited to the fund at issue. Interpleader "cannot be used to solve all the vexing problems of multiparty litigation." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967). However, in this matter, the scope of litigation is not limited in scope because the matter is not an interpleader action. The case was originally brought by Robinson as a contract dispute with counts in the alternative for conversion and unjust enrichment. It was removed to this Court by Hilliard Lyons on the basis of diversity jurisdiction. Only in the amended counterclaim, was interpleader asserted. Therefore, the crossclaim can relate to either the interpleader or the original claim. Fed. R. Civ. Pro. 13(g) (A crossclaim may be stated if the "claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.").

Jurisdiction over crossclaims is governed by 28 U.S.C. § 1367, which states the district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chi. V. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). "A [party's] claims derive from a common nucleus of operative fact if the claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007). A district court "*may* decline to exercise supplemental jurisdiction" if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3) (emphasis added). If the Court has subject matter jurisdiction over the original claim, then it also has the power to hear

6

the crossclaim, whether or not the crossclaim has an independent basis for federal jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, if the crossclaim relates to the original claim and the Court has proper subject matter jurisdiction over the original claim, the Court has jurisdiction over the crossclaim.

The crossclaim in this matter is so related to the original claims they form part of the same case or controversy. The original claim filed by Robinson is about a Hilliard Lyons transfer on death account payable to Robinson. Donley's crossclaim is about all of Marjorie's estate, including the transfer on death account. This is the same nucleus of operative fact. Because the crossclaim and original claim form the same case or controversy, if the Court has diversity jurisdiction over the original claim, the Court has proper jurisdiction over the crossclaim as well.

Robinson argues the Court does not have diversity jurisdiction because the amount in controversy is only $38,000, the remaining amount in the Marjorie Robinson Trust. Robinson is incorrect as to when the Court determines the amount in controversy. "It is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing." *Scottsdale Ins. Co. v. Universal Crop Protection All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004)). At the time of filing, the original claim concerned the Hilliard Lyons transfer on death account which was valued at over $1,000,000. Thus, this Court has diversity jurisdiction over the original claim and any cross or counterclaims.

Finally, Robinson asserts the Court should decline to exercise its jurisdiction for reasons of economy and federalism, because the crossclaim involves only state law. Remanding the crossclaim to state court at this stage of the proceedings would only result in a waste of resources, severe prejudice to Donley, and a significant delay in resolving the matter. The state

law issue remaining is not complex or a novel area of law. Therefore, the Court will not exercise its power to decline jurisdiction and remand the case back to state court. This matter is properly before this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Linda Robinson's Motion Regarding Jurisdiction [104] is **DENIED**.

Dated this 6th Day of December, 2017.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE